**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**BRENDAN A. HURSON**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-0782**<br>**MDD_BAHChambers@mdd.uscourts.gov** |

July 13, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Sherri D. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-759-BAH

Dear Counsel:

On March 20, 2023, Plaintiff Sherri D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). On May 19, 2023, the Commissioner moved to dismiss Plaintiff's complaint as untimely filed. ECF 8. Plaintiff opposed the motion. ECF 9. The Commissioner did not reply, and the matter is now ripe for disposition. The Court finds no hearing necessary. Loc. R. 105.6. For the reasons set forth below, the Commissioner's motion is granted.

"Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute." *Tlee C. v. Saul*, No. DLB-19-3585, 2020 WL 3268529, at *1 (D. Md. June 17, 2020) (citing *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)). A claimant appealing an adverse disability determination by the SSA must file the civil action "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c). This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations" subject to equitable tolling in the rare circumstances where appropriate. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)); *see Hyatt v. Heckler*, 807 F.2d 376, 378 380 (4th Cir. 1986).

"The limitations period must [ ] be strictly enforced, absent (1) an agreement by the SSA to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines." *Tlee C.*, 2020 WL 3268529, at *1. "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). The Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (footnotes omitted); *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96 (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151, (1984)); *see also Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000).

*Sherri D. v. Kijakazi*
Civil No. 23-759-BAH
July 13, 2023
Page 2

Here, Plaintiff concedes that the Appeals Council mailed Plaintiff notice of its decision on January 5, 2023. ECF 9-1, at 1. Plaintiff's deadline to file a civil action was therefore March 13, 2023.[1] Plaintiff also concedes that her filing of the complaint on March 20, 2023, was untimely. *Id.* at 1–2. Rather, she argues that "the untimely filing in this particular case was justified because Plaintiff has diligently pursued her legal rights throughout this process, but 'extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" *Id.* at 2 (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Plaintiff contends that she "has not only pursued her rights by filing the complaint in this case, but she has shown diligence in timely appealing her social security disability benefit denial through several stages." *Id.* at 3. Plaintiff explains that the delay resulted from her hospitalization from February 16 through March 3, 2023, during which time she endured multiple surgeries, and subsequent inpatient care at a rehabilitation center through March 25. *Id.* at 4. Plaintiff argues that "[c]onsidering that this medical emergency occurred within the statutory period," the Court should equitably toll the statutory deadline. *Id.* at 4–5.

Although "Plaintiff presents understandable reasons why she missed the deadline," those reasons "are legally insufficient to toll it." *Rosa C. v. Saul*, No. DLB-19-3097, 2020 WL 5076822, at *2 (D. Md. Aug. 27, 2020). The Commissioner posits, and Plaintiff does not dispute, that Plaintiff did not seek an extension of the 60-day deadline from the SSA. ECF 8-1, at 2; ECF 9-1, at 2. As such, despite her diligent efforts pursuing her claim at the administrative level, she has not demonstrated that she has diligently pursued her claim at the district court level. Plaintiff does not argue that the notice was defective or that the Commissioner misled Plaintiff or committed any other misconduct justifying equitable tolling. Nor has Plaintiff pointed the Court to any case where a court has tolled the statute of limitations where, as here, the claimant was hospitalized for a portion of the statutory period.[2] This Court has previously declined to toll the deadline where the claimant filed the complaint as little as one day late. *See Clark v. Comm'r of Soc. Sec.*, No. SAG-

---

[1] The 60-day statutory period begins running from the day "notice of such decision is received by the individual." 42 U.S.C. § 405(g). The date of receipt is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Here, the parties agree that the Appeals Council notice was dated January 5, 2023. ECF 8-1, at 2; ECF 9-1, at 1. The 60-day period began running five days after that on January 10. Sixty days later fell on Saturday, March 11, 2023, making the following Monday, March 13 the deadline.

[2] Courts have found hospitalization insufficient to justify equitable tolling. *See Long v. Paulson*, 349 F. App'x 145, 146 (9th Cir. 2009) (finding that a plaintiff's allegation that he did not receive a right-to-sue letter due to his hospitalization was insufficient to justify equitably tolling the deadline to bring an employment discrimination suit in federal court because the plaintiff "failed to show that his alleged inability to receive notice of his claim due to his hospitalization was anything more than 'a garden variety claim of excusable neglect'" (quoting *Irwin*, 498 U.S. at 96)); *Gamble v. Colvin*, No. 1:12-1459-TLW, 2014 WL 197740, at *3 (D.S.C. Jan. 16, 2014) (declining to equitably toll the 60-day § 405(g) deadline where the claimant, who had been represented by counsel at the administrative level and by different counsel at the district court level, was hospitalized during the 60-day period).

*Sherri D. v. Kijakazi*
Civil No. 23-759-BAH
July 13, 2023
Page 3

16-4009, 2017 WL 2266195, at *1 (D. Md. May 24, 2017). Additionally, where the Court has repeatedly declined to toll the deadline for unrepresented plaintiffs, *see Rosa C.*, 2020 WL 5076822, at *2 (collecting cases), the Court declines to do so here, where the filings reflect that Plaintiff was represented by counsel during the 60-day period. "As such, [P]laintiff's circumstances regrettably do not constitute a valid basis for equitable tolling of the statutory deadline." *Id.*

    For these reasons, the Commissioner's motion is GRANTED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                            Sincerely,

                            /s/

                            Brendan A. Hurson
                            United States Magistrate Judge